No. 89-330

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN RE THE MARRIAGE OF JULIE R. GRAVELEY,

       Petitioner and Respondent,

  -v-

CHARLES A. GRAVELEY,

       Respondent and Appellant.


APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Thomas A. Olson, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      J.C. Weingartner, Helena, Montana

      For Respondent:

      Robert J. Sewell, Jr.; Smith Law Firm; Helena, Montana


Submitted on Briefs:  June 20, 1990

Decided: August 20, 1990

Filed:

_____
       Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Charles A. Graveley (Charles) appeals from the valuation of child support awarded against him in the District Court of the First Judicial District, Lewis and Clark County. We affirm.

We restate the issues before us as follows:

1. Whether the District Court's award of child support was in error?

2. Whether the District Court's order of child custody was in error?

Charles and Julie Graveley were married on February 18, 1984. They had one child, Morgan, born on October 1, 1984. On October 30, 1986, Julie filed an action for dissolution of the marriage. The dissolution was granted on January 3, 1989.

Charles is a self-employed lawyer/farmer. He has been practicing law for more than 15 years. He testified he devotes approximately equal time to each occupation. The record reveals that on various loan applications, Charles reported incomes of $54,800 per year in 1982, $56,580 per year in 1983; and $42,000 per year in September, 1986. Charles paid $500 per month in temporary child support prior to the entry of the final decree. Charles testified that his income over the last year was $3,139, and also testified that the divorce had resulted in a reduced ability on his part to work productively, and a consequent reduction in income.

Julie worked as a secretary and was a licensed real estate agent. The District Court found that Julie had assets of $22,980 and a net monthly income exclusive of child support of $997.08.

2

Child care costs are $240 per month.

The District Court concluded that Charles' testimony of annual income of $3,139 was unbelievable. In its supplemental decree the District Court ordered Charles to pay child support of $500, and also ordered each party to pay child care costs of $120. Such payments are to continue until the child attains the age of 18 years. Charles appeals that decision.

I

Whether the District Court's award of child support was in error?

Charles maintains that the District Court erred in its assignment of income to Charles resulting in an inequitable award of child support. He argues that the District Court failed to follow the Child Support Guidelines relative to Julie's income. He further argues that the lower court erred in awarding child care costs until the child is 18 years old. He maintains that once the child begins school, the cost of child care will cease and he should not have to continue to pay such costs.

Julie maintains that § 40-4-204, MCA, provides the District Court with the discretion to determine a parent's true disposable income, and is not bound by income tax returns. She urges that it is disposable income and not income tax returns alone which must be considered by a court in determining child support. We agree.

The Child Support Guidelines (1987), 44 St.Rep. 828-842, are a form of suggestive procedure which is to be applied by the District Court in the use of its discretion. Absent a clear abuse

3

of discretion, the District Court will not be overruled. See Gray v. Gray (1990), 788 P.2d 909, 47 St.Rep. 552. A presumption exists in favor of the judgment, and the lower court will be reversed only if appellant demonstrates that there was a clear abuse of discretion. In re Marriage of Johnson (1987), 225 Mont. 404, 732 P.2d 1345.

In Gray, we held that when determining income under the Guidelines, it is disposable income of the parent, and not income tax returns alone, which must be considered by the Court. We conclude that the District Court did not abuse its discretion. In reviewing Charles' income, it made the following pertinent findings:

> 7. [Charles] contends that only $74,425.00 of his $554,542.00 in assets as reported on an [sic] March 1988 financial statement furnished in the fall of 1988, must be recognized under the Support Guidelines adopted by the Supreme Court. [Charles] has reported to local financial institutions total assets of $559,135.00 in September of 1987, $609,197.75 in December 1986, and $906,635.00 in October 1985. [Charles] claims his finances have deteriorated due to the impending dissolution of his marriage.

> 8. . . . [Charles] represents his income over the last year to be $3,139.00. The court is hard pressed to believe this figure. [Charles] is a bright, capable attorney and he can earn a substantial living.

The record before us supports the findings and conclusions of the District Court. Furthermore, the District Court made it very clear in its supplemental decree regarding child custody and support that Charles shall pay $500 per month for child support and $120 per month for child care costs until Morgan is 18 years old. Substantial evidence supports day care costs $240 per month. The

District Court ordered each parent to pay half of that amount, or $120 per month. We hold that the District Court's award of child support was proper.

## II

Whether the District Court's order of child custody was in error?

After making specific findings that Morgan was in good health, well adjusted to her lifestyle, and too young to express an opinion as to her custodial arrangements, the District Court awarded the parties joint custody of Morgan. Charles was awarded custody on alternating weekends from 6:00 p.m. on Friday until 6:00 p.m. on Sunday, plus an additional sixty (60) days during the year at such times and for such period as the parties shall agree.

Charles maintains that the order "totally eliminated any contact between the father and the child on any holidays". He contends that equity dictates that he be allowed contact at fixed times during nationally recognized holidays on an alternating basis with Julie.

Julie points out that Charles exercised visitation with Morgan only on 35 days out of the 52 days to which he was entitled during the year preceding the hearing. She maintains that the parties have handled the alternation of custody in an amicable manner.

Julie provided the District Court with a visitation schedule for 1988, detailing the date and time Julie left with Charles and the date and time he brought her back. It reveals that Charles had Julie with him on Christmas in 1988.

5

Section 40-4-212, MCA, provides that a district court shall consider the best interests of the child in determining child custody. Section 40-4-217, MCA, provides that visitation shall be reasonable. Substantial evidence in the record supports the award of custody by the District Court. The record fails to demonstrate any requirement for change. We conclude there has been no abuse of discretion. We hold that the order of child custody was proper.

Affirmed.

Justice

We Concur:

Justices

6