No. 90-387

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

IN RE THE MARRIAGE OF
STEPHEN JAMES CHIOVARO,

    Petitioner and Appellant,

-v-

SUSAN CORBY TILTON-CHIOVARO,

    Respondent and Respondent.

**FILED**

FEB - 8 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

---

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Barbara E. Bell; Bell & Marra; Great Falls, Montana

    For Respondent:

        Daniel L. Falcon; Matteucci, Falcon & Squires; Great
Falls, Montana

---

Submitted on briefs: December 7, 1990

Decided: February 8, 1991

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Petitioner, Stephen James Chiovaro, filed a motion to clarify the dissolution agreement between Mr. Chiovaro and the respondent, Susan Corby Tilton-Chiovaro, which had been executed on April 28, 1988. Mr. Chiovaro was seeking resolution of a dispute between the parties regarding visitation and review of child support pursuant to the Uniform District Court Child Support Guidelines. Following a non-jury trial, the District Court for the Eighth Judicial District, Cascade County, entered Findings of Fact, Conclusions of Law, and Order which spells out more specific visitation provisions, increases monthly child support payments due by Mr. Chiovaro from $200 per month per child to $220 per month per child, and awards attorney's fees to Mrs. Chiovaro in the amount of $671. Mr. Chiovaro appeals. We affirm and remand to the District Court for determination of attorney's fees and costs on appeal.

We restate the issues on appeal as follows.

1. Did the District Court improperly impute income to Mr. Chiovaro for his track coaching fees?

2. Did the District Court improperly impute income to Mr. Chiovaro for his health insurance benefits? If not, then did the District Court improperly fail to deduct that portion of the health insurance benefits that benefit the parties' three children?

3. Did the District Court improperly fail to deduct Mr. Chiovaro's mandatory retirement payments?

4. Did the District Court improperly deduct business expenses from Mrs. Chiovaro's income?

2

5. Did the District Court improperly award Mrs. Chiovaro attorney's fees?

On May 4, 1988, a Final Decree was entered in the Eighth Judicial District Court dissolving the marriage of Mr. and Mrs. Chiovaro. The parties were awarded joint custody of their three minor children, with Mrs. Chiovaro having primary physical residency. Mr. Chiovaro was to pay $200 per month per child for child support in conformity with the Separation Agreement between the parties.

On December 19, 1989, Mr. Chiovaro filed a Motion to Clarify Dissolution Agreement. The parties came to an agreement as to the visitation dispute prior to hearing. The court adopted that agreement. Therefore the only issue before the court at hearing was modification of the child support obligations. Following discovery and hearing, the District Court increased Mr. Chiovaro's child support obligations to $220 per month per child, for a total of $660 per month. Mr. Chiovaro was also ordered to pay Mrs. Chiovaro's costs and attorney's fees in the amount of $671.

Section 40-4-204, MCA, outlines the procedures to be used by district courts in determining and modifying child support. Subsection (3) provides:

> (3) (a) Whenever a court issues or modifies an order concerning child support, the court shall determine the child support obligation by applying the standards in this section and the uniform child support guidelines adopted by the department of social and rehabilitation services pursuant to 40-5-209, unless the court finds by clear and convincing evidence that the application of the standards and guidelines is unjust to the child or to any of the parties or is inappropriate in that particular case.

3

(b) If the court does not apply these standards and guidelines to determine child support, it shall state its reasons for finding that the application of such standards and guidelines is unjust to the child or a party or is inapppropriate in that particular case.

Section 40-4-204(3)(a),(b), MCA.

Pursuant to § 40-5-209, MCA, the Department of Social and Rehabilatation Services have now adopted child support guidelines which became effective July 13, 1990. 46.30.1501 et seq., ARM. The Court Order in this case is dated May 29, 1990 and therefore the SRS guidelines are not at issue in this case.

In 1987 this Court adopted the Uniform District Court Rule on Child Support Guidelines to be used by district courts in determining child support obligations. The District Court in this case applied the Uniform District Court Guidelines. The District Court Guidelines provide in part:

. . . Although these standards offer broad guidance to persons involved in the establishment of child support obligations, the standards do not explain how to apply the standards to specific child support actions. . . District Court Guidelines, Section I.

The guideline is designed for proper application to a broad range of cases and therefore is intended only to create a rebuttable presumption of the reasonableness of the child support obligations. As is true with any system, the application of this guide may not produce a child support payment that is fair or adequate in every instance. In applying the guide as a baseline from which to proceed, the parties or the court may make adjustments either upward or downward to reflect a particular inconsistent circumstance. The burden of showing why such deviation from the guide should be made, will be on its proponent. Any departure from the guide should be accompanied by a written statement which gives the reasons for deviation from the guide's direct application. District Court Guidelines, Section II.

District Court Child Support Guidelines, 227 Mont. 1, 4-5 (1987).

4

In comparing the statute and the Guidelines, it is obvious that discretion rests in the district courts as to the proper application of the Guidelines. Absent a clear abuse of discretion, the district court will not be overruled. A presumption exists in favor of the judgment, and the lower court will be reversed only if appellant demonstrates that there was a clear abuse of discretion. Graveley v. Graveley, (Mont. 1990), 796 P.2d 585, 586-87. District courts are vested with discretion under the broad standards of § 40-4-204, MCA, which requires scrutiny of all deductions and exemptions claimed by either party. Marriage of Mitchell, (1987), 229 Mont. 242, 247, 746 P.2d 598, 602.

I

Did the District Court improperly impute income to Mr. Chiovaro for his track coaching fees?

The District Court imputed $1186 in income to Mr. Chiovaro for track coaching fees. Mr. Chiovaro asserts that it was improper for the District Court to impute this amount and contends that this figure was added into his gross income twice. The District Court made the following findings of fact:

1. The Court finds that the Petitioner failed to include all of his income in his proposed Supreme Court Guidelines, Petitioner's Exhibits 1 through 4. The Petitioner will have an increase in income for 1990.

3. The Court further finds that the Petitioner's proposed child support calculations did not include any sum for daycare costs. Petitioner's proposed child support figures ranged from $475 to $530.13 per month for all three children. The Court finds the Petitioner has been previously paying $200 per child, per month, as child support pursuant to the Decree entered in this matter and that he has received an increase in income since the time the Decree was entered of between $3,000

5

and $4,000 per year.

5. . . . The Court finds that the Petitioner, although he has had a substantial increase in income over the past two years, has chosen to refrain from coaching duties this year which are options that are open to him. . .

In light of Mr. Chiovaro's confusing and conflicting testimony, Mr. Chiovaro has not proved that the District Court abused its discretion in determining Mr. Chiovaro's gross income. Mr. Chiovaro made the argument that he should not have to have the track coach fees added into his income at all because he is trying to get out of his contractual track coaching obligation with his employer. The District Court was correct in concluding that it is in the court's discretionary power to impute the track coach income to Mr. Chiovaro since it is available to him. District Court Child Support Guidelines, Section III, Part 2, 227 Mont. at 5-6. We hold that the District Court did not abuse its discretion in imputing income to Mr. Chiovaro for track coach fees.

II

Did the District Court improperly impute income to Mr. Chiovaro for his health insurance benefits? If not, then did the District Court improperly fail to deduct that portion of the health insurance benefits that benefit the parties' three children?

Mr. Chiovaro receives health and dental insurance as a job benefit. Mr. Chiovaro does not have to pay extra for this benefit. The District Court valued the health and dental insurance at $100 per month for an annual value of $1200, and included this value as part of Mr. Chiovaro's income. Mr. Chiovaro contends this was error because the benefit does not add to his disposable income and

6

because there was no expert testimony that established the value of the insurance benefit.

The District Court Guidelines provide that "all income, from whatever sources, including business expense account payments for meals and automobiles to the extent that they provide the parent with something he or she would otherwise have to provide, will constitute gross income. Also to be included are such income as pensions, dividends, interest, trust income, proceeds from contracts, and so forth." Uniform District Court Child Support Guidelines, Section III, Part 1, 227 Mont. at 5. Under both the Final Decree of Dissolution and § 40-4-204, MCA, Mr. Chiovaro is to provide health insurance for the parties' three children. Since this is a benefit which Mr. Chiovaro would otherwise have to provide, it constitutes gross income under the Guidelines, and the court did not err in including the insurance value in his gross income.

Mr. Chiovaro argues that the value of $1200 is unsubstantiated by an expert's testimony. The only testimony presented as to the value of the insurance benefit came from Mrs. Chiovaro when she testified that $1200 is substantially below what it costs to buy insurance. A lay person may give opinion testimony which is rationally based on the perception of the witness and helpful to a determination of a fact in issue. Rule 701, M.R.Evid. Mr. Chiovaro did not object at trial to the inclusion in income of the imputed value of the insurance benefit and presented no evidence that the court's value of $1200 is unreasonable. Therefore the

court did not abuse its discretion when it held that $1200 was a reasonable value.

Mr. Chiovaro argues that if the value of the insurance policy is included in his income, then he is allowed a deduction for that portion of the insurance that benefits the parties' three children. Child Support Guidelines, Section III, Part 5, 227 Mont. at 7. It is true that under the Guidelines a deduction may be allowed for that portion of the insurance that benefits the children. However, the Guidelines are to be applied by the District Court in the use of its discretion. Graveley, 796 P.2d at 586. If health insurance on behalf of the child is carried by a parent, the parent's net cost of the child's share of the premium is allowed as a deduction from gross income. Child Support Guidelines, Section III, Part 10, 227 Mont. at 9-10. The insurance is provided by Mr. Chiovaro's employer without cost to Mr. Chiovaro. It is reasonable that if a value is assigned to the insurance benefit and added to income, then a value can be assigned to the children's share of the premium and allowed as a deduction. However, Mr. Chiovaro did not object at trial to the failure of the court to deduct the value of the children's share of the benefit and presented no evidence as to the value of the children's share. Therefore the court did not abuse its discretion when it did not deduct a portion of the $1200 for the value of the children's share. We affirm the District Court on the issue of health insurance.

III

Did the District Court improperly fail to deduct Mr.

Chiovaro's mandatory retirement payments?

The Child Support Guidelines, Section III, Part 5, 227 Mont. at 7, allows the deduction from income of mandatory retirement contributions. Again we point out that the Guidelines are to be applied by the District Court in the use of its discretion. Graveley, 796 P.2d at 586. Although under the Guidelines the Court could have deducted the $1868 that went into Mr. Chiovaro's mandatory retirement plan, we cannot say that the court abused its discretion in not deducting this amount from Mr. Chiovaro's income. The court found that Mr. Chiovaro failed to provide income tax returns in a timely manner as ordered by the court prior to the hearing. It was not an abuse of discretion not to deduct Mr. Chiovaro's retirement payments. We affirm on the issue of mandatory retirement payments.

IV

Did the District Court improperly deduct business expenses from Mrs. Chiovaro's income?

Mrs. Chiovaro works part-time out of her home as a farm advocate. The District Court allowed a deduction of $5781 for business expenses relating to this business. Mr. Chiovaro contests $706 of this amount which represents depreciation on Mrs. Chiovaro's business. This Court has held that depreciation is for tax purposes and not for the purposes of determining child support. In Re the Marriage of Stewart (Mont. 1990), 793 P.2d 813; In Re the Marriage of Mitchell (1987), 229 Mont. 242, 746 P.2d 598. Even though the court should not have deducted the $706 depreciation

from Mrs. Chiovaro's income, it is harmless error in this case. Recalculating Mrs. Chiovaro's income does not change Mr. Chiovaro's child support obligation.

Mr. Chiovaro also challenges deductions for telephone, transportation, and other costs which Mr. Chiovaro points out that Mrs. Chiovaro needs to provide for general living purposes. It is within the court's discretion to determine whether business expense deductions are reasonable for purposes of calculating child support. We affirm the District Court on the issue of Mrs. Chiovaro's business deductions.

V

Did the District Court improperly award Mrs. Chiovaro attorney's fees?

Section 40-4-110, MCA, provides that the court, after consideration of the financial resources of both parties, may award reasonable costs and attorney's fees. The Dissolution Agreement between the parties provides that the successful party shall be entitled to reasonable costs and attorney's fees from the losing party for enforcement or defense of any of the provisions of the agreement.

Mr. Chiovaro argues that attorney's fees are inappropriate in this case because the Dissolution Agreement anticipates annual recalculation of child support and that the parties could not have reasonably intended the awarding of attorney's fees in the annual recalculation proceedings. This proceeding was brought by Mr. Chiovaro and included disagreement over visitation and not just

10

annual recalculation of child support. In addition, the court made a finding that Mr. Chiovaro had failed to provide documents during discovery in a reasonable and timely fashion which added to Mrs. Chiovaro's legal costs. Under these facts the court had the discretion to award attorney's fees under the Dissolution Agreement and under § 40-4-110, MCA. We affirm the District Court on the issue of attorney's fees.

Mrs. Chiovaro has asked this Court to award attorney's fees and costs of appeal under the Dissolution Agreement and § 40-4-110, MCA. We determine that an award to Mrs. Chiovaro for attorney's fees and costs of appeal is appropriate and remand to the District Court for determination of the amount.

Affirmed and remanded for determination of attorney's fees and costs of appeal.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

11