No. 92-217

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF
JERRY A. HOWARD,

     Petitioner and Appellant,

  and

DEBBE A. GLIDDEN, formerly known as
DEBBE A. HOWARD,

     Respondent and Respondent.



FILED

OCT 29 1992

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael H. Keedy, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

       H. James Oleson, Oleson Law Firm, Kalispell, Montana

    For Respondent:

       Bruce McEvoy, Warden, Christiansen, Johnson & Berg,
Kalispell, Montana

                Submitted on Briefs:  August 13, 1992

                           Decided:  October 29, 1992

Filed:

_____
            Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

After a hearing, the District Court for the Eleventh Judicial District, Flathead County, modified the original decree of dissolution and ordered that the amount of child support owing to Debbe A. Glidden (Ms. Glidden) by Jerry Howard (Mr. Howard) be increased from $300 per month to $1,172.50 per month, retroactive to December 1, 1990. He appeals. We affirm in part and reverse in part.

The issues for our consideration are:

1.   Did the District Court err in increasing Mr. Howard's child support obligation from $300 per month to $1,172.50 per month?

2.   Did the District Court err in failing to deduct support payments allegedly made by Mr. Howard to his mother in arriving at the correct modified child support obligation?

3.   Did the District Court err in modifying Mr. Howard's child support obligation effective December, 1990?

4.   Did the District Court err in granting Ms. Glidden attorney fees?

Jerry and Debbe Howard were divorced on August 9, 1982, pursuant to a decree of dissolution entered by the Eleventh Judicial District Court, Flathead County, Montana. In accordance with the terms of a custody and property settlement agreement, Ms. Glidden was awarded custody of the parties' two minor children, and Mr. Howard was ordered to pay a total amount of $300 per month in child support.

2

In December of 1990, when both parties were residing in the State of Washington, Mr. Howard received a letter from Ms. Glidden's counsel requesting child support modification. On February 12, 1991, Ms. Glidden filed a petition in a superior court of the State of Washington for modification of child support. Copies of the petition and summons were served on Mr. Howard's current spouse at his home in Washington on February 17, 1991. Mr. Howard challenged the petition on jurisdictional grounds and the motion was ultimately dismissed for insufficiency of process.

Subsequently, Ms. Glidden filed a motion to modify child support in the Flathead County District Court on August 15, 1991. Again Mr. Howard challenged the petition on jurisdictional grounds. The District Court denied his motion.

After a hearing, the District Court ordered that Mr. Howard should pay $1,172.50 per month for child support, retroactively from and including December of 1990, allowing a credit for the $300 per month which Mr. Howard had already paid. The District Court further ordered Mr. Howard to pay Ms. Glidden's reasonable attorney fees and costs incurred as a result of bringing the motion to modify. Mr. Howard appeals.

I

Did the District Court err in increasing Mr. Howard's child support obligation from $300 per month to $1,172.50 per month?

Mr. Howard maintains that such an enormous increase in child support payments is per se unconscionable. Ms. Glidden maintains that the District Court properly applied the Montana Child Support

3

Regulations and Guidelines and that Mr. Howard has failed to prove otherwise.

Mr. Howard cites no authority for his argument that a substantial increase in child support is per se unconscionable. Furthermore, he does not specify any error in the District Court's findings, only in its conclusion increasing the child support. The District Court made extensive and particular findings regarding the income of the parties and their respective child support obligations. Absent a clear abuse of discretion, the District Court will not be overruled. Marriage of Graveley (1990), 244 Mont. 137, 139, 796 P.2d 585, 586.

We conclude the District Court did not abuse its discretion. We hold that the court did not err in increasing Mr. Howard's child support obligation from $300 per month to $1,172.50 per month.

II

Did the District Court err in failing to deduct support payments allegedly made by Mr. Howard to his mother in arriving at the correct modified child support obligation?

The District Court found:

15. Petitioner claims he should be allowed to deduct, for child support purposes, $15,148.58 he pays annually for the Kalispell residence, a vehicle, insurance, and approximately $225.00 per month to his mother for her support. The Regulations do not provide for such a deduction.

Mr. Howard maintains he is bound by law to provide for his indigent mother, citing § 40-6-301, MCA, as authority. It provides:

**Duty of child to support indigent parents.** It is hereby

4

declared and made the duty of every adult child, having the ability so to do, to furnish and provide necessary food, clothing, shelter, and medical attendance for his indigent parent or parents, unless, in the judgment of the court or jury, he is excused therefrom by reason of intemperance, indolence, immorality, or profligacy of such parent.

The record contains no evidence that Mr. Howard's mother is indigent. Absent such proof, the District Court is not bound to consider the support of his mother as a legal duty which might be considered as an expense in calculating child support. We hold the District Court correctly refused to deduct support payments Mr. Howard made to his mother in arriving at the modified child support obligation.

## III

Did the District Court err in modifying Mr. Howard's child support obligation effective December, 1990?

Mr. Howard maintains the District Court erred in ordering the increased child support obligation to be retroactive to December, 1990. The court found that to be the date Mr. Howard "became aware of [Ms. Glidden's] legal proceeding to modify the support". Mr. Howard maintains that a child support obligation may only be made retroactive to the date the motion to modify child support was filed. We agree.

Section 40-4-208(1), MCA, provides:

[A] decree may be modified by a court as to maintenance or support only as to installments accruing subsequent to actual notice to the parties of the motion for modification. (Emphasis added).

Ms. Glidden filed her motion for modification in the District Court in Montana on August 15, 1991, and Mr. Howard was properly served.

5

The District Court concluded that the notice given to Mr. Howard under the filing in the superior court in Washington, constituted notice under the statute. We conclude that is not appropriate under the specific wording of the statute. We conclude that under the statute the right to the modified child support accrued on the date actual notice was given of the motion for modification in the Montana proceedings.

We conclude the District Court erred in ordering the increased child support obligation to be retroactive to December 1990. We hold that the modified child support shall be retroactive only to August 15, 1991.

IV

Did the District Court err in granting Ms. Glidden attorney fees?

The District Court ordered Mr. Howard to pay $1,978 in attorney fees as a result of her motion to modify. Mr. Howard maintains that ordering him to pay fees is a "substantial injustice".

Ms. Glidden correctly cites § 40-4-110, MCA, as authority for the court ordering Mr. Howard to pay attorney fees. We also point out that as the District Court noted in its order, Mr. Howard failed to object to the finding that Ms. Glidden should recover attorney fees or to the reasonableness of such fees. It is well settled law that a party may not raise an issue, not raised in the District Court, for the first time on appeal. We hold that the District Court did not err in granting Ms. Glidden attorney fees.

6

The judgment of the District Court is affirmed with the exception that an appropriate order shall be entered modifying the child support to show that it is retroactive only to August 15, 1991.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

7



**State of Montana**
**Office of Clerk of the Supreme Court**
**Helena 59620**
**406-444-3858**

ED SMITH
CLERK

October 29, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


H. James Oleson
Oleson Law Firm
P.O. Box 2036
Kalispell, MT  59903-2036

Bruce McEvoy
Warden, Christiansen, Johnson & Berg
P.O. Box 3038
Kalispell, MT  59903-3038


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
      Deputy