NO.   93-100

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN RE THE MARRIAGE OF

COLLEEN MARIE STRIZIC,

      Petitioner and Respondent,

  and

DANIEL J. STRIZIC,

      Respondent and Respondent.

FILED

JAN 2 0 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

      Mark A. Vucurovich, Henningsen, Vucurovich
& Richardson, Butte, Montana

    For Respondent:

      Bernard J. "Ben" Everett, Knight, Dahood,
McLean & Everett, Anaconda, Montana

Submitted on Briefs:  August 26, 1993

Decided:  January 20, 1994

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant, Daniel Strizic, appeals from a final decree of dissolution of the Second Judicial District Court, Silver Bow County, awarding Respondent, Colleen Strizic, monthly maintenance for four years and primary custody of their two children, and dividing the marital estate.

We affirm in part and remand in part.

We consolidate the issues as follows:

1. Did the District Court err when, during the trial, it awarded Colleen $4200 and one-half the parties' 1991 income tax refund as retroactive temporary maintenance?

2. Did the District Court err when it awarded the parties joint custody of the children, designating Colleen as the primary custodial parent?

3. Did the District Court err when it determined and apportioned Daniel's inheritance as part of the marital estate?

4. Did the District Court err when it determined and apportioned Daniel's premarital Montana Power Company stock dividends as part of the marital estate?

5. Did the District Court err when it determined and apportioned Daniel's premarital certificates of deposit as part of the marital estate?

6. Did the District Court err in computing Daniel's monthly income?

7. Did the District Court err in awarding Colleen maintenance?

The parties were married September 24, 1983, in Butte, Silver Bow County. At the time of dissolution, Colleen was 34 years of age and Daniel was 35. During the marriage, the parties enjoyed an above-average standard of living. Daniel acquired substantial premarital property and inherited substantial property during the marriage. He is employed by the Montana Power Company in Butte as an analyst. Colleen is a student in the Public Health Program at Montana Tech in Butte and has no independent source of income. Two children were born as issue of the marriage. At the time of the dissolution, the children resided with Colleen.

ISSUE 1

Did the District Court err when, during the trial, it awarded Colleen $4200 and one-half the parties' 1991 income tax refund as retroactive temporary maintenance?

A maintenance award is proper if the court finds that the spouse seeking maintenance:

> (a) lacks sufficient property to provide for his reasonable needs; and

> (b) is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

Section 40-4-203, MCA.

Daniel argues that the District Court acted arbitrarily and erred when, during the trial, it ordered him to make available to Colleen retroactive temporary maintenance in the amount of $4200, plus one-half the parties' 1991 income tax refund. At trial, the

parties with Petitioner [Colleen] being designated as primary physical custodian and Respondent [Daniel] having reasonable rights of visitation.

The court then listed numerous considerations, pursuant to the statute, that supported its custody determination.

In addition,, it is clear from the record that the court considered all the custody recommendations of the parties' experts. The court considered the court-appointed counsel's recommendation that would have required the children to reside on an alternating monthly basis with each parent. The court also heard from a licensed clinical therapist, called by Colleen, who offered a different custody recommendation, and testified as follows:

> I believe that she [Colleen] is an exceptionally good parent. I think she provides an appropriate degree of nurturing for the children. I believe that she provides mental stimulation and she is very cognizant of their physical safety, all of which children need. I also believe that she provides appropriate limits and boundaries for those children.
>
> . . . .
>
> Q. Would the plan proposed by [the court-appointed counsel], require a great deal of adjusting by the children?
>
> A. I just think its an impossible plan. . . . [I]t might serve the parents in some way, it does not serve the children.
>
> Q. Do you have any concerns about securities that the children or insecurities that the children might develop as a result?
>
> A. [I]ts my belief that children need predictability and consistency and reliability. . . . My fear would be that the children would be in such emotional turmoil from month-to-month waiting for the exchange to happen, moving to another house, moving to live with another parent that they may just shut down their feelings altogether. And

5

that could have severe impairment on them for the rest of their lives.

While Daniel raises the issue of custody, he does not discuss the reasons that the court has erred, but rather discusses all of the custody concerns set forth in the court-appointed counsel's conclusions, which the court heard and rejected.

We hold that the District Court did not abuse its discretion when it determined child custody and we affirm on this issue.

Because of the conflict in the testimony and record as to the remaining issues in this case, we are unable to make a final determination as to any of those issues, and therefore, we remand to the District Court for further proceedings on issues 3, 4, 5, 6, and 7 to determine the bases upon which the court made its decision and to develop a record upon which this Court can review these five issues.

Affirmed in part and remanded.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6

January 20, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Mark A. Vucurovich, Esq.
Henningsen, Vucurovich & Richardson
P.O. Box 399
Butte, MT 59703

Bernard J. "Ben" Everett, Esq.
Knight, Dahood, McLean, Everett & Dayton
P.O. Box 727
Anaconda, MT 59711

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
     Deputy