No. 94-030

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN RE THE MARRIAGE OF:

TOM E. NOEL,

      Petitioner and Respondent,

  and

BRENDA S. NOEL,

      Respondent and Appellant.

FILED

JUN - 7 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael H. Keedy, Judge presiding.


COUNSEL OF RECORD:

      For Respondent and Appellant:

          James B. Wheelis Montana Legal Services
Association, Kalispell, Montana

      For Petitioner and Respondent:

          Gregory E. Paskell, Kalispell, Montana

      For Amicus Curiae:

          Amy Pfeifer, Department of Social and Rehabilitation Services, Helena, Montana


Submitted on Briefs:  May 5, 1994

Decided:  June 7, 1994

Filed:

Clerk

Chief Justice J. A. **Turnage** delivered the Opinion of the Court.

This dissolution of marriage was filed in the District Court of the Eleventh Judicial District, **Flathead** County. The parties submitted to the court a property settlement agreement which did not require the mother to pay child support for the child of the marriage, who was in the father's custody. The court refused to accept the agreement and ordered the mother to pay child support to the father in the amount of $33 per month. She appeals. **We** reverse and remand.

The issue is whether the District Court abused its discretion in applying the Montana Child Support Guidelines when it declined to deduct child care costs allowed by Rule **46.30.1516(3), ARM,** from income imputed to the mother under Rule 46.30.1513, ARM.

The parties were married in 1986 and had one child. They separated in 1989. Between the parties' separation and the date of dissolution, the mother had two children by another man. At the time of the dissolution hearings, she was expecting a third child from that relationship.

The parties arrived at a property settlement agreement which awarded custody of their son to the father. When the parties submitted the agreement to the District Court, the court declined to approve it because the agreement did not require the mother to pay child support. The court stated, **"I** don't approve of property settlement agreements where minor children are involved, as here,

2

that provide for no support from a non-custodial parent who is able-bodied and making babies."

At a subsequent hearing, the mother testified that she had been sporadically employed at minimum wage jobs since finishing high school. She was unemployed and had been receiving AFDC payments at the time of the hearing. She testified that the father of her youngest children, with whom she and the children lived, was a college student who worked during the summers as a firefighter.

In calculating the mother's child support obligation, the court imputed income to the mother at minimum wage, pursuant to Rule **46.30.1513**, ARM. It ruled that the reference in Rule **46.30.1513(2)(c),** ARM, to deductible child care costs included only those costs for children of the marriage or the relationship in question, rather than for children produced after the termination of that relationship. Then, the court treated as discretionary the provision of Rule 46.30.1516, ARM, allowing a deduction from income for child care expenses. The result of the court's calculations was a $33 per month child support obligation for the mother.

Did the District Court abuse its discretion in applying the Montana Child Support Guidelines when it declined to deduct child care costs allowed by Rule **46.30.1516(3),** ARM, from income imputed to the mother under Rule 46.30.1513, ARM?

3

The Montana Child Support Guidelines, which are published in the Administrative Rules of Montana at Title 46, Chapter 30, subchapter 15, are promulgated by the Department of Social and Rehabilitation Services pursuant to § 40-5-209, MCA. The Guidelines establish detailed standards for calculating child support obligations. The standards, generally stated, require each parent to contribute child support in an amount proportionate to that parent's share of the combined resources of both parents, after specific allowable deductions have been made from each parent's gross income.

In this case, the mother was not employed outside the home. Rule 40.30.1513, ARM, sets forth the procedure for imputing income to an unemployed parent:

(1) "Imputed income" means income not actually earned by a parent, but which may be attributed to the parent because the parent is voluntarily unemployed, is not working full-time when full-time work is available, or the parent is intentionally working below his or her ability or capacity to earn income.

(2) Income may be imputed according to one of two methods as appropriate:

(a) Determine employment potential and probable net earnings level based on the parent's recent work history, occupational qualifications, and prevailing job opportunities and earnings level in the community. If there is no recent work history, and no higher education or vocational training, income may be imputed at the minimum wage level.

. . .

4

(c) Whenever income is imputed to an unemployed parent who is providing in-home care for the child for whom support is being calculated, and if that parent would be required to incur child care expenses if employed at the imputed level, then the imputed income should be reduced by the reasonable value of the parent's child care service.

The court imputed income to the mother at a minimum wage rate. It refused to allow the mother a deduction for child care expenses under subsection (2)(c) above, reasoning that subsection (2)(c) applied only to children of the marriage.

Rule 46.30.1516, ARM, Determination of Wet Income, provides at subsection (3):

Reasonable expenses for items such as child care or in-home nursing care for the parent's legal dependents other than those for whom support is being determined, which are actually incurred and which are necessary to allow the parent to work, less federal tax credits, if any, may be deducted from gross income.

The court "cho[se] to deny a deduction" to the mother for child care costs, ruling that such a deduction is discretionary.

Our standard of review of a ruling establishing a child support obligation is whether the district court abused its discretion. In re Marriage of Weed (1992), 254 Mont. 162, 165, 836 P.2d 591, 593. However, a district court must apply its discretion in a realistic manner, taking into account the actual situation of the parties. In re Marriage of Gebhardt (1989), 240 Mont. 165, 172, 783 P.2d 400, 404. Here, we conclude that the court abused its discretion.

5

The District Court's decision does not realistically reflect the mother's income earning ability. It is apparent that, in order to work, the mother would need someone to care for the children who live with her. She testified that there were no relatives or other people available to assume full-time care of the children.

If income is to be imputed to the mother, then a deduction for necessary child care expenses is clearly allowable under Rule 46.30.1516(3), ARM. We hold that, in this case, a deduction for child care expenses should have been allowed.

As suggested in the amicus curiae brief filed in this matter by the Child Support Enforcement Division, it appears that a portion of the mother's child care cost may be assignable to the father of those children, as his responsibility. Evidence on this point should be considered on remand.

Reversed and remanded for further proceedings in conformity with this Opinion.

_____
Chief Justice

We concur:

_____

6

_John Conway Harrison_

_Tommy Townsend_

_Justices_

June  7,  1994

## CERTIFICATE  OF  SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


James B. Wheelis, Esq.
Montana Legal Services Assoc.
33-2nd St. E.
Kalispell, MT 59901

Gregory E. Paskell
Attorney at Law
475 No. Main
Kalispell, MT 59901

AMY  PFEIFER
Department of Social & Rehabilitative Services
Child Support Enforcement, Legal Counsel
3075 N. Montana, Suite 112
Helena,  MT  59604



ED  SMITH
CLERK  OF  THE  SUPREME  COURT
STATE  OF  MONTANA

BY:＿＿＿＿＿＿＿＿＿＿
Deputy