No. 94-493

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

IN RE THE MARRIAGE OF

MONICA ELAINE SMITH,

       Petitioner and Respondent,

  and

VAN EARL SMITH,

       Respondent and Appellant

FILED

MAY 06 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eighth Judicial District,
              In and for the County of Cascade,
              The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

         Michael S. Smartt; Big Sky Law Center,
         Great Falls, Montana

      For Respondent:

         Joan E. Cook; Miller and Cook,
         Great Falls, Montana

Submitted on Briefs:  March 7, 1996

Decided:  May 6, 1996

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Van Earl Smith (Van) appeals from the June 10, 1994, judgment of the Eighth Judicial District Court, Cascade County, granting Monica Elaine Smith (Monica) primary physical custody of the couple's children and awarding child support in the amount of $310 per month. We affirm.

We address the following issues on appeal:

1. Did the District Court abuse its discretion in awarding primary physical custody of the children to Monica?

2. Did the District Court err in its application of the child support guidelines?

Monica and Van married on May 31, 1985. They had two children during their marriage. The District Court entered a Final Decree of Dissolution on November 14, 1990, adopting and incorporating the parties' settlement agreement provisions regarding custody. Under the agreement, the parties would alternate actual physical custody of the children every six months until the oldest child started kindergarten, at which time actual physical custody would be redetermined. In incorporating the agreement's custody provisions into the decree, the District Court added that the standard for redetermining custody would be the best interests of the children. Neither party appealed.

2

The oldest child started kindergarten in 1992. In January of 1993, upon motions by both parties, the District Court entered a temporary custody order in which Monica was awarded physical custody of the children for the rest of the school year and one-half of the summer. Van was granted physical custody for the remainder of the summer and the beginning of the 1993-94 school year. The District Court stated that it would be necessary to review the children's custody at a later date.

In December of 1993, Monica petitioned the court to review the children's custody arrangement. On June 13, 1994, the District Court entered its Findings of Fact, Conclusions of Law and Order awarding Monica primary physical custody of the children; the court gave Van secondary physical custody from one week after school terminates in the summer until two weeks before school begins in the fall. Van was required to provide child support in the amount of $155 per month per child, for a total of $310 per month, for the months Monica has physical custody of the children. Van appeals.

1. Did the District Court abuse its discretion in awarding primary physical custody of the children to Monica?

The District Court made extensive findings of fact relating to custody of the children, concluded that the "best interests" standard contained in § 40-4-212(1), MCA, applied and determined that it was in the children's best interests to be placed in Monica's primary physical custody. We will overturn a district court's custody determination only when its findings and conclusions clearly demonstrate an abuse of discretion. See In re Marriage of Hunt (1994), 264 Mont. 159, 164, 870 P.2d 720, 723

(citation omitted); In re Marriage of Strizic (1994), 263 Mont. 193, 195, 867 P.2d 386, 387 (citation omitted).

   a.   Did the District Court err in applying § 40-4-212, MCA, instead of § 40-4-219, MCA?

Van argues that the District Court improperly relied on the best interests standard contained in § 40-4-212, MCA, in determining the children's physical custody. He contends that the court's action was a modification of custody subject to the more stringent requirements of § 40-4-219, MCA. We review a district court's conclusions of law to determine whether the court's interpretation of the law is correct. In re Marriage of Kovash (1995), 270 Mont. 517, 521, 893 P.2d 860, 863 (citation omitted).

A district court making an original determination of child custody applies the best interest of the child standard contained in § 40-4-212, MCA. A modification of custody, on the other hand, can be accomplished only under § 40-4-219, MCA. The § 40-4-219, MCA, "change of circumstance" requirement and the requirement that the court find that one of the subsection (a) through (f) factors exists are jurisdictional prerequisites to modification of custody; unless the prerequisites are satisfied, a court may not modify custody even if it finds that modification is in the child's best interest. Section 40-4-219, MCA; In re Marriage of Johnson (1994), 266 Mont. 158, 162-66, 879 P.2d 689, 692-94. The more stringent requirements of § 40-4-219, MCA, reflect the Legislature's recognition of the importance of continuity and stability in children's living arrangements. Marriage of Johnson, 879 P.2d at 694.

We have held that a petition to modify child custody which has the effect of substantially changing the residential living

4

arrangements of a child must satisfy the jurisdictional requirements set forth in § 40-4-219, MCA. *Marriage of Johnson*, a79 P.2d at 694. Monica and Van's motions in this case sought to substantially change the children's residential arrangements by terminating the alternating six-month custody schedule and having themselves designated the children's primary physical custodian for the entirety of the school year. Thus, pursuant to *Marriage of Johnson*, § 40-4-219, MCA, ordinarily would apply.

The District Court, however, applied the terms of its original decree under which custody was to be "redetermined in accordance with the best interests of the children" when the oldest child started kindergarten. The redetermination provision had been agreed upon in Monica and Van's settlement agreement and incorporated into the original decree with the addition of the best interest standard. Neither party appealed the 1990 decree, which predated *Marriage of Johnson*. Thus, the decree reflected the parties' voluntary intentions and expectations regarding custody redetermination and the standard under which redetermination would be made. Under these unique facts, it would be altogether inequitable to permit Van to now reject his earlier agreement and invoke § 40-4-219, MCA, in order to vary the express terms of the 1990 decree. We conclude, therefore, that the District Court did not err in determining the children's custody under the best interest standard contained in § 40-4-212, MCA.

b. Did the District Court abuse its discretion in determining that it was in the children's best interests to award primary physical custody to Monica?

Van argues that the evidence supports his contention that it is in the children's best interests that he be designated their

primary residential custodian and challenges several of the court's findings. However, our standard in reviewing a district court's underlying findings of fact in a child custody case is whether those findings are clearly erroneous; we review the ultimate custody determination under a clear abuse of discretion standard. In re Marriage of Dreesbach (1994), 265 Mont. 216, 220-21, 875 P.2d 1018, 1021 (citations omitted). Moreover, it is particularly important in custody modification cases that this Court defer to the district court which personally evaluated the testimony and was in the best position to determine the credibility and character of the witnesses. In re Marriage of Starks (1993), 259 Mont. 138, 143, 855 P.2d 527, 530 (citation omitted). In the face of conflicting evidence, it is the trier of fact's function to resolve the conflicts and we will not substitute our judgment for that of the district court. Marriage of Starks, 855 P.2d at 530.

The evidence of record in this case regarding the parties' and children's circumstances is substantial and often contradictory. The District Court entered extensive findings relating to the factors to be considered under § 40-4-212, MCA, in determining a child's best interest.

With regard to Monica, the court found that Monica appears to have a strong marital relationship with her new husband, they have attended parenting classes and the children enjoy normal play and educational activities at her house; during the post-July 1993 period when Van had custody of the children, Monica maintained regular telephone contact with them and traveled from North Dakota to Great Falls to see them a number of times. The court further found that Monica and her husband have a large house, Monica is

6

currently a housewife and one child's deficient academic performance resulted from unsatisfactory maturity skills rather than poor schools near Monica's residence.

Van asserts that certain of the District Court's findings relating to Monica are not supported by the evidence. He contends, for example, that no evidence supports the findings that Monica's psychological counseling was terminated at the suggestion of her counselor and that Monica and her husband, Joel, have a strong marital relationship. The record, however, reflects otherwise. Monica testified that her counselor terminated her counseling sessions and both Monica and Joel testified to the strength of their marriage.

Van also asserts that no evidence supports the District Court's finding that the children experienced "educationally related endeavors" while in Monica's custody. Monica testified, however, that she engages with the children in coloring, Sunday school and playing cars. Given the children's ages, these activities fairly can be said to constitute educationally-related endeavors.

In addition, Van apparently contends that the District Court's finding that Monica and Joel attend church, "although not every Sunday," is exaggerated. The finding is supported by Monica's testimony that she and Joel attend church as often as they can and that work obligations prevent them from attending church every Sunday.

Van's final argument regarding lack of evidence to support the court's finding relates to one child's alleged breathing problem. According to the District Court, Monica "testified that . there

7

was no interruption in Jordan's breathing." Van is correct that the record does not contain testimony by Monica that the child's breathing was not interrupted; her actual testimony was that she was not sure that the child had stopped breathing. Such a minor variance from the record with regard to one portion of one sentence in a four-sentence finding relating to the child's breathing problem does not, however, constitute a lack of evidence to support the remainder of the finding. The variance is, at best, harmless error in the context of the extensive findings of fact relating to the children's custody.

Van's remaining challenges to the court's findings essentially suggest that the District Court was required to make additional findings. We disagree. The court's findings are sufficiently comprehensive in light of the factors enumerated in § 40-4-212, MCA.

The District Court weighed the evidence before it and entered extensive findings pursuant to § 40-4-212, MCA. We conclude that the findings are supported by substantial evidence and are not otherwise clearly erroneous. We hold that the District Court did not abuse its discretion in awarding primary physical custody of the children to Monica.

2. Did the District Court abuse its discretion in applying the child support guidelines?

The District Court awarded Monica a total of $310 per month child support for the months that Monica has physical custody of the children. Our standard in reviewing a district court's child support award is whether the court abused its discretion. In re Marriage of Noel (1994), 265 Mont. 249, 252, 875 P.2d 358, 359

8

(citation omitted).  The district court must take into account the parties' actual situation and apply its discretion in a realistic manner.  Marriage of Noel, 875 P.2d at 359 (citation omitted).

Under Montana's child support guidelines, each parent is required to contribute child support in an amount proportionate to his or her share of the parents' combined resources after specific allowable deductions are made from each parent's gross income. Marriage of Noel, 875 P.2d at 359.  Van argues that the District Court erred by including depreciation relating to his employment-related equipment in his income and that, had the court properly deducted the depreciation from his gross income, his total child support obligation would have been only $133 per month.  According to Van, the District Court thereby abused its discretion.

Section 46.30.1508(1)(c), ARM, provides that depreciation for vehicles, machinery and tangible assets may be deducted from the gross income of a person who is self-employed upon a showing of economic necessity.  The "may be" in the guideline language is discretionary on its face.  Indeed, we previously have held that although a district court may allow depreciation on a showing of economic necessity under the guideline, the court is not required to do so.  Pederson v. Nordahl (1993), 261 Mont. 284, 287-88, 862 P.2d 411, 413.

Van contends that his testimony regarding the propriety of deducting depreciation establishes "economic necessity" under § 46.30.1508(1)(c), ARM.  His argument ignores the discretion vested in the District Court by the guideline itself and by Pederson.  We conclude that Van has failed to establish an abuse of discretion by the court with regard to its treatment of the

9

depreciation and, on that basis, we hold that the District Court did not abuse its discretion in applying the child support guidelines.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices