No. 05-516

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 270N

YVONNE MOODY,

        Petitioner and Respondent,

   v.

DOUGLAS MOODY,

        Respondent and Appellant.

APPEAL FROM:    The District Court of the Eighth Judicial District,
                  In and For the County of Cascade, Cause No. CDR 00-026,
                  Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Jeffrey S. Ferguson, Hoines & Ferguson, PLLP, Great Falls, Montana

        For Respondent:

            Lisa Swan Semansky, Semansky Law Office, Great Falls, Montana

                            Submitted on Briefs:  August 8, 2006

                                    Decided:  October 24, 2006

Filed:

                                  Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.   It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2      Douglas Moody (Douglas) appeals from the findings of fact, conclusions of law and order entered by the Eighth Judicial District Court, Cascade County, on June 13, 2005, ordering that Douglas and his ex-wife, Yvonne Moody (Yvonne) shall alternate year-to-year claiming Cicillia Moody (Cicillia), their daughter, as a dependent for income tax purposes.  The court held that Yvonne could claim Cicillia on even tax years and Douglas could claim Cicillia on odd tax years. Additionally, Douglas appeals the court's order ordering him to pay Yvonne monthly child support of $131.  Yvonne contends that the District Court erred in denying her request for attorney fees and costs, but she failed to file a cross-appeal in this regard.

¶3      The parties were divorced before the Eighth Judicial District Court on January 3, 2001, and a final parenting plan was incorporated by reference into the final decree of dissolution of marriage. The plan provided that the parties would have equal time with Cicillia, and that no child support would be paid.  On April 21, 2004, Douglas filed a

2

motion to modify the parenting plan, but the parties agreed to a modified parenting plan prior to the hearing. However, the following issues remained to be tried by the court: (1) designation of primary parent for tax purposes; (2) allocation of the dependency exemption; (3) responsibility for payment of work-related daycare expenses; and (4) modification of child support and, if modified, the amount thereof. After hearing, the court designated Douglas as the primary custodial parent for purposes of state and federal statutes, and ordered the parties to alternate claiming Cicillia as a dependent for income tax purposes, with Yvonne being awarded the right to claim Cicillia every even tax year. The court also ordered Douglas to pay Yvonne the sum of $131 per month in child support.

¶4     Douglas argues that the District Court's order allowing Yvonne to claim Cicillia as a dependent for income tax purposes in even tax years is not supported by substantial evidence. He contends it is unrefuted that he pays, and has paid, all of the work-related day care expenses since September 2004, that he is paying much more than half of the costs associated with the upbringing of Cicillia, and therefore, that he should receive Cicillia as a dependent for income tax purposes every year. Noting that a party seeking a modification of child support must establish "changed circumstances so substantial and continuing that to keep the existing obligation intact would be unconscionable," *McDermott-Yeargin v. McDermott*, 2003 MT 283, ¶ 21, 318 Mont. 13, ¶ 21, 79 P.3d 245, ¶ 21 (citing § 40-4-208(2)(b)(i), MCA), Douglas contends that there is no substantial

3

evidence that a substantial change in circumstances occurred to support the District Court's conclusion that Douglas should pay Yvonne child support.

¶5   The dispositive issue on appeal of a district court's establishment of a child support obligation is whether the district court abused its discretion. *In re Marriage of Noel*, 265 Mont. 249, 252, 875 P.2d 358, 359 (1994) (citing *In re Marriage of Weed*, 254 Mont. 162, 165, 836 P.2d 591, 593 (1992)). "A presumption exists in favor of the judgment, and a district court will be reversed only upon a clear abuse of discretion." *In re Marriage of Bee*, 2002 MT 49, ¶ 19, 309 Mont. 34, ¶ 19, 43 P.3d 903, ¶ 19 (2002) (citing *Chiovaro v. Tilton-Chiovaro*, 247 Mont. 185, 189, 805 P.2d 575, 577 (1991)). In order to conclude a court abused its discretion in child support calculations, this Court must decide "whether the district court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice." *In re Marriage of Helzer*, 2004 MT 352, ¶ 20, 324 Mont. 371, ¶ 20, 102 P.3d 1263, ¶ 20 (citing *Kovarik v. Kovarik,* 1998 MT 33, ¶ 21, 287 Mont. 350, ¶ 21, 954 P.2d 1147, ¶ 21).

¶6   It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District

4

Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶7 We affirm the judgment of the District Court.


/S/ JIM RICE


We concur:


/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON