No. 92-399

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF

MARGARET HAYES,

       Petitioner and Respondent,

  and

ROBERT HAYES,

       Respondent and Appellant.



FILED

FEB 2 - 1993

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Seventeenth Judicial District,
In and for the County of Valley,
The Honorable Leonard H. Langen, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

          Robert D. Morrison, Whitefish, Montana

       For Respondent:

          Matthew W. Knierim, Glasgow, Montana

Submitted on Briefs: December 22, 1992

Decided: February 2, 1993

Filed:

_Clerk_

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from the Seventeenth Judicial District, Valley County, involving a portion of a marital dissolution judgment dividing property between the parties. We vacate the judgment as to the property settlement and remand for further consideration by the court.

We consider the following issue on appeal:

Did the District Court err in determining that both parties had agreed to a property settlement and in issuing Findings of Fact and Conclusions of Law based upon that agreement?

In July of 1990, Margaret Hayes filed a petition for dissolution of her marriage to Robert Hayes. The case was regularly scheduled for trial on May 26, 1992. Prior to this date, the court asked that each party provide it with a written report. The parties and their counsel appeared before the court at 9:00 a.m.; they were asked if any possibility existed that a settlement could be reached. The parties then proceeded to engage in negotiations which lasted until approximately 5:00 p.m. At that time the court reconvened for the purpose of considering the terms of the settlement.

Following the reading of the settlement into the record, the court asked counsel to reduce the agreement to a formal document:

> THE COURT: All right. . . . I really think it would be best if you could incorporate the terms of this Settlement Agreement into a formal document, written document.

2

WIFE'S ATTORNEY:  I will do so in the morning and get you a copy, Rich [attorney for husband] and you guys can look at it before we submit it to the Judge.

HUSBAND'S ATTORNEY:  Agreed.

WIFE'S ATTORNEY:  OK.

THE COURT:  And then once you've done that I will admit that into evidence and I will sign a Proposed Decree that one of you can prepare.  Do you want to prepare that?

WIFE'S ATTORNEY:  I'll prepare it.

However, no formal agreement was ever prepared.  The court nonetheless entered its Findings of Fact and Conclusions of Law and Dissolution Decree on May 29, 1992.

On appeal, the husband argues that because the agreement was never reduced to writing as required by § 40-4-201, MCA, and the court, the property settlement should be vacated and the case remanded for a trial.  Further, the husband contends that the court never valued the property and did not reach a net value for the entire estate.  The wife argues that a separation agreement does not need to be written but can also be in the form of an oral stipulation.  According to the wife, the court was not asked to value the property because a separation agreement was in existence and, therefore, the court could only make a finding of unconscionability to change it.  In addition, the wife asks us to consider letters written by her counsel to opposing counsel concerning the parties' agreement to the proposed decree and findings.  Copies of these letters are attached to respondent wife's brief.

The position of this Court is that we will not consider on appeal facts unsubstantiated by the record in the case. First National Bank of Cut Bank v. Springs (1987), 225 Mont. 62, 731 P.2d 332. Therefore, we do not consider these letters on appeal as they are not part of the record. On remand the District Court may choose to receive such proof regarding any purported agreement as to the Findings and Conclusions.

The pivotal question here is whether an agreement exists between the parties upon which the court could have based its Findings and Conclusions. The record does not contain a written separation agreement. The record does contain the court's directive to counsel to prepare such a document. It is clear that the court understood the importance of having the agreement reduced to writing. And while we commend the court for its efforts in getting the parties to reach a settlement agreement, such agreement of necessity needs to be specific to avoid the type of controversy presented here. The record does not establish the agreement of the parties to the Findings and Conclusions of the District Court.

We vacate the District Court's Findings of Fact and Conclusions of Law concerning the property settlement and remand to the District Court for its further consideration in light of this opinion.

Justice

We Concur:

Chief Justice

4

John Conway Harrison

William E. Hunt

Terry Trieweiler

R. C. McDonough

Karla M. Gray
Justices

February 2, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Robert D. Morrison
Baron, Hauge, Swenson & Morrison
P.O. Box 2328
Havre, MT 59501

Matthew W. Knierim
Christoffersen & Knierim
P.O. Box 29
Glasgow, MT 59230

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:＿＿＿＿＿＿＿＿＿＿
Deputy