No. 93-576

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994


IN RE MARRIAGE OF

MARGARET HAYES,

     Petitioner and Respondent,

  -v-

ROBERT HAYES,

     Respondent and Appellant.


APPEAL FROM: District Court of the Seventeenth Judicial District,
In and for the County of Valley,
The Honorable Leonard Langen, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

          Robert D. Morrison, Morrison Law Firm, Whitefish,
Montana

     For Respondent:

          Matthew W. Knierim, Christoffersen & Knierim,
Glasgow, Montana

Submitted on Briefs: February 17, 1994

Decided: March 31, 1994

FILED

Filed: MAR 31 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from the amended Findings of Fact and Conclusions of Law and Dissolution in a marriage dissolution filed in the District Court for the Seventeenth Judicial District, Valley County. We reverse and remand.

We restate the issue on appeal:

Did the District Court err in its amended Findings of Fact and Conclusions of Law and Dissolution by relying on an oral property agreement between the parties?

The petitioner wife brought this action for dissolution on July 18, 1990. The husband filed his response on October 26, 1990. The matter of the dissolution of the parties was set for trial on May 26, 1992. At 9:00 a.m. on the morning of the trial, the parties agreed to attempt to settle. Throughout the day, negotiations between the parties continued and at 4:55 p.m. the court reconvened for the purpose of considering the terms of the settlement.

The court indicated that judgment would be entered once the stipulated oral settlement agreement had been reduced to writing and resubmitted to the court. The oral agreement did not contain specific property valuations nor was it ever reduced to writing. Despite counsel's failure to reduce the agreement to writing, the court entered its Findings of Facts and Conclusions of Law and Dissolution without that formal statement of the agreement.

This Court on appeal held that the settlement agreement needed to be more specific to avoid the type of controversy presented in

2

this case and that the record did not establish an agreement between the parties. Marriage of Hayes (1993), 256 Mont. 266, 268, 846 P.2d 272, 273 (Hayes I). The cause was remanded to the District Court which issued an Amended Findings of Fact and Conclusions of Law. The amended version contained parts of the transcript verbatim but no written version of the parties' agreement.

In its amended findings, the court determined that the settlement was not unconscionable and that it was not necessary that a written agreement be entered into. The court indicated that it was correcting a "clerical error" in the original document issued by the court. No hearing was conducted on remand and no evidence was presented to the court in support of the amended findings.

The husband appeals the amended findings of the court as inappropriate because of a lack of formal written agreement between the parties.

Did the District Court err in its amended Findings of Fact and Conclusions of Law and Dissolution by relying on an oral property agreement between the parties to the underlying dissolution?

Appellant husband contends that just as the initial findings were inadequate because they were not based upon a written agreement, so too are the amended findings inadequate because the agreement was never reduced to writing on remand. The husband argues that the court's amended findings were incorrectly taken

from the record and that he never had a chance to review the findings or approve them. Further, the husband argues that the marital estate was never valued and that such a valuation is required whether a valid agreement exists between the parties or not.

Respondent wife argues that the court's responsibility in a divorce proceeding is to determine whether or not the agreement made by the parties is "unconscionable." According to the wife, § 40-4-201(2), MCA, makes the terms of an agreement binding upon the court unless it concerns support, custody or visitation. The wife contends that all the court could do in this instance is to determine whether the agreement was unconscionable.

We review a District Court's interpretation of the law as to whether it is correct. Steer Inc. v. Department of Revenue (1990), 245 Mont. 470, 803 P.2d 601. This case was remanded once because no written agreement had been entered into the record. Hayes, 256 Mont. at 268, 846 P.2d at 273. Since Hayes I was decided, we decided another case that, relying on Hayes I, specifically interpreted § 40-4-201(1), MCA, as requiring a written agreement. See Simms v. Simms (1994), Cause No. 93-110, handed down March 28, 1994. We stated in Simms:

> Section 40-4-201, MCA, provides that the district court is bound by the parties' separation agreement in matters of property distribution and maintenance if the court finds that the separation agreement is not unconscionable. However, the only separation agreement referred to in the statute is the written separation agreement. Absent a written separation agreement, there is nothing for the district court to review and on which

4

to make a finding regarding conscionability. Under such circumstances, the district court has no alternative but to try the case on the merits and to dispose of the property, maintenance, support, custody and visitation issues on the basis of the applicable statutory criteria, evidenced by the entry of appropriate findings of fact, conclusions of law and judgment. (Emphasis in original.)

Simms, page 7 and 8, slip opinion.

Our statute clearly requires a written agreement:

**40-4-201. Separation agreement.** (1) To promote amicable settlement of disputes between parties to a marriage attendant upon their separation or the dissolution of their marriage, the parties may enter into a written separation agreement containing provisions for disposition of any property owned by either of them, maintenance of either of them, and support, custody, and visitation of their children. (Emphasis added.)

Section 40-4-201(1), MCA. The parties in this case do not have a written agreement. All that exists in the record is a transcript of oral stipulations concerning property which, as we stated in Simms, are insufficient for a court to determine whether the agreement itself is unconscionable. Further, appellant alleges that the court's transfer of those stipulations into its findings resulted in several errors.

We conclude the District Court erroneously relied upon the oral agreement between the parties. The District Court here had no alternative but to try the case on the merits and to dispose of the property and other issues on the basis of the applicable statutory criteria, and the rule set forth in Simms, evidenced by the entry of appropriate findings and conclusions. We hold that the District Court erred in its amended Findings of Fact and Conclusions of Law and Dissolution by relying on an oral property settlement agreement

5

between the parties to the underlying dissolution.

Reversed and remanded.

_____
                        Justice

We Concur:

_____
          Chief Justice

_____

_____

_____
          Justices

6

March 31, 1994

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Robert D. Morrison
Morrison Law Firm
P.O. Box 1929
Whitefish, MT  59937

Matthew W. Knierim
CHRISTOFFERSEN & KNIERIM, P.C.
P.O. Box 29
Glasgow, MT 59230

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy