No. 95-159

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF

MARGARET HAYES,

    Petitioner and Respondent,

  and

ROBERT HAYES,

    Respondent and Appellant.

FILED

SEP 13 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Seventeenth Judicial District,
In and for the County of Valley
The Honorable John McKeon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Robert D. Morrison, Attorney at Law,
        Whitefish, Montana

    For Respondent:

        Matthew W. Knierim; Christoffersen & Knierim,
        Glasgow, Montana

Submitted on Briefs:  August 17, 1995

Decided:  September 13, 1995

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Robert Hayes appeals from the January 5, 1995 Findings of Fact, Conclusions of Law and Judgment of the Seventeenth Judicial District Court, Valley County. We affirm.

The following issue is raised on appeal:

Was the District Court's distribution of the marital estate an abuse of discretion and/or not supported by substantial credible evidence?

This is the third time this case has been before this Court on appeal. Margaret Hayes (Margaret) and Robert Hayes (Robert) were married on December 29, 1959. No children were born of the marriage. A Decree of Dissolution was entered by the district court on May 29, 1992. No written property settlement agreement was prepared or timely filed with the decree. On appeal, Robert argued that because the agreement was never reduced to writing, as required by § 40-4-201, MCA, the case should be remanded for a property distribution determination in accordance with § 40-4-201, MCA. This Court agreed. In re Marriage of Hayes (1993), 256 Mont. 266, 846 P.2d 272 (*Hayes I*).

On remand, the district court entered an Amended Findings of Fact and Conclusions of Law. Although this amended version contained parts of the original transcript verbatim, it still did not contain a written property agreement. On the second appeal, this Court held that the district court erroneously relied upon the oral agreement of the parties. Again, this Court reversed and remanded, directing the district court to try the case on the merits and dispose of the property according to the applicable

2

statutory criteria. In re Marriage of Hayes (1994), 264 Mont. 350, 871 P.2d 913 (*Hayes II*).

On remand after *Hayes II*, the District Court considered and addressed the statutory criteria set forth in §§ 40-4-201 and -202, MCA, in reaching an equitable distribution of the marital estate. The standard of review employed by this Court in marital property division cases is whether the district court's findings of fact are clearly erroneous. In re Marriage of McLean/Fleury (1993), 257 Mont. 55, 61, 849 P.2d 1012, 1015.

In its Findings of Fact and Conclusions of Law and Judgment, the District Court addressed the age, station, health, and welfare of the parties, as well as the sources of the marital property. Further, the District Court identified the property that comprises the marital estate and valued the property. Finally, the District Court equitably divided the marital property and awarded maintenance to Robert.

When there is substantial credible evidence to support the court's findings and judgment, this Court will not alter the trial court's decision unless there is an abuse of discretion. In re Marriage of Maedje (1994), 263 Mont. 262, 266, 863 P.2d 580, 583.

In this case, the Findings of Fact Conclusions of Law and Judgment indicate that the court considered the evidence presented by the parties. For example, the District Court stated that since the order of March 30, 1992, Margaret has had complete management authority over the ranch operations. The court also found that Robert recently underwent surgery to remove a cancerous tumor, and

3

that although he is satisfactorily recovering from the surgery, he will have physical limitations that may preclude him from undertaking vigorous physical activity. Based on the age and physical health of the parties, the court found that it would be impractical for either of them to consider other employment and career opportunities.

Taking all of these factors into account, the District Court proceeded to value and to equitably divide the marital property. To maintain a viable ranching operation, the District Court found that the real property must remain as a single unit. One parcel, the Miller place, is the hay base, while the remaining parcels are the pasture base for the farm and ranch operations. Margaret has successfully managed the ranch operations, thus, the court awarded the ranch properties to Margaret. Since the ranch properties went to Margaret, the court did not divide the properties, rather, the court awarded Robert a cash distribution over time. The court noted that this installment payment arrangement may also benefit Robert by shielding him from potential medical creditors and helping him to better plan for his future needs. Finding that Robert lacks sufficient property to provide for his reasonable needs, and is unable to support himself through appropriate employment, the court also awarded him maintenance, pursuant to § 40-4-203, MCA.

This Court will not disturb an equitable apportionment of the marital assets when it is clear that the district court was acting within its discretion. In re Marriage of Danielson (1992), 253

4

Mont. 310, 319, 833 P.2d 215, 221.  Here, the District Court did not abuse its discretion, and the record indicates that the court conscientiously considered the needs of the parties and the nature of the marital property.  There is substantial credible evidence in the record to support the findings and judgment of the District Court.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

5