No. 95-047

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF

DAVID L. SCHNELL,

      Petitioner and Appellant,

  and

TWYLA L. SCHNELL,

      Respondent and Respondent.

FILED

OCT 24 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Lynda S. Weaver, Morrow, Sedivy & Bennett,
        Bozeman, Montana

    For Respondent:

        Marcelle C. Quist and Kendra K. Anderson,
        Quist, Bowen & Anderson, Bozeman, Montana

Submitted on Briefs:  July 27, 1995

Decided:  October 24, 1995

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The appellant, David L. Schnell, filed a petition in the District Court for the Eighteenth Judicial District in Gallatin County for dissolution of his marriage to the respondent, Twyla L. Schnell. Following a hearing, the District Court entered its decree in which it provided for joint custody of the couple's only child, child support, and division of the marital estate. The District Court also ordered that David pay Twyla's attorney fees. David appeals from the District Court's decree. We affirm in part and reverse in part.

The issues on appeal are:

1. Did the District Court err when it failed to award child support based on the Child Support Guidelines, or to specify why it declined to do so?

2. Did the District Court err when it ordered that the tax deduction for the couple's daughter be shared without regard to her place of residence or the financial implications to the parties?

3. Did the District Court err when it based its division of the couple's property on an oral stipulation?

4. Did the District Court err when it awarded Twyla attorney fees?

## STATEMENT OF FACTS

David and Twyla were married on June 25, 1978, in Columbia, Missouri. During the course of their marriage, they had one child, Deanna. Prior to the marriage, David had purchased land in

2

Missouri upon which he and Twyla built a home during the marriage. Twyla and David also purchased a vacant lot in Missouri during the marriage.

David is employed as the maintenance director at the Mount Ellis Academy boarding school (MEA) in Bozeman where he earns $2503 per month. MEA allows a substantial reduction in Deanna's tuition, and provides health insurance, so long as David is entitled to a tax exemption for Deanna.

Twyla is employed as a full-time registered nurse and earns $2462.40 per month.

Pursuant to a stipulation made in open court at a hearing to consider temporary relief, the court awarded the Missouri home to Twyla, but ordered that she pay one-half its appraised value ($25,000) to David. The court awarded David and Twyla joint custody of Deanna, but appears to have assumed she would attend school in Montana while either living with her father or in the dormitory, and that she would spend summers with her mother, who remained in Missouri.

The tax deduction attributable to Deanna's dependency was awarded to Twyla in odd-numbered years, and to David in even-numbered years. The District Court ordered Twyla to pay as child support, all of Deanna's current school expenses, the expenses related to the care of Deanna's horse, and all of Deanna's personal expenses, including clothing, spending money,

3

transportation, and piano lessons, until Deanna graduated from high school or reached the age of 18, whichever occurred later.

The District Court also awarded Twyla attorney fees.

## ISSUE 1

Did the District Court err when it failed to award child support based on the Child Support Guidelines, or to specify why it declined to do so?

We review a district court's child support award to determine if, in making the award, the court abused its discretion. *In re Marriage of Noel* (1994), 265 Mont. 249, 252, 875 P.2d 358, 359 (citing *In re Marriage of Weed* (1992), 254 Mont. 162, 165, 836 P.2d 591, 593). The district court must employ its discretion realistically and must take into account the parties' actual situation. *Marriage of Noel*, 875 P.2d at 359 (citing *In re Marriage of Gebhardt* (1989), 240 Mont. 165, 172, 783 P.2d 400, 404).

David contends that the District Court erred because its award was not based on the Uniform Child Support Guidelines. Section 40-4-204(3)(a), MCA (1993), directs district courts to

> determine the child support obligation by applying the standards in this section and the uniform child support guidelines . . . unless the court finds by clear and convincing evidence that the application of the standards and guidelines is unjust to the child or to any of the parties or is inappropriate in that particular case.

Section 40-4-204(3)(b), MCA (1993), provides that:

> If the court finds that the guideline amount is unjust or inappropriate in a particular case, it shall state its reasons for finding that the application of the

4

standards and guidelines is unjust to the child or a party or is inappropriate in that particular case.

An award based on the Guidelines bears a presumption that it is reasonable and adequate. However, the Guidelines require that courts consider the merits and circumstances of each case. Moreover, the Guidelines provide that either party may rebut the presumption that they should be followed by presenting evidence that an award based on the Guidelines would not meet the child's needs. Rule 46.30.1507(1), ARM. Additionally, before a district court may deviate from the Guidelines, it must make specific written findings which demonstrate its reason for deviation from the Guidelines. Rule 46.30.1507(3), ARM.

David contends that the District Court's decree contravenes two of our recent decisions: *In re Marriage of Brandon* (Mont. 1995), 894 P.2d 951, 52 St. Rep. 381, and *In re Marriage of Griffin* (1993), 260 Mont. 124, 860 P.2d 78. In both cases, we held that district courts must apply the Guidelines when they award child support. As we stated in those cases, district courts must provide clear and convincing reasons pursuant to § 40-4-204(3)(a), MCA, to justify a deviation from the Guidelines. *Marriage of Brandon* (1995), 894 P.2d at 953; *Marriage of Griffin*, 860 P.2d at 88.

David also contends that the District Court's order gives Twyla unfettered discretion to determine how much child support she will pay. David relies on *In re Adoption of K.L.J.K.* (1986), 224 Mont. 418, 421, 730 P.2d 1135, 1137, a case in which we held that "in-kind"

5

child support payments did not satisfy that parent's obligation to his child. *See also In re Marriage of Burns* (1982), 198 Mont. 365, 646 P.2d 530; *In re Adoption of S.L.R.* (1982), 196 Mont. 411, 640 P.2d 886. David asserts that the District Court's child support order sanctions the type of "in-kind" payments we have previously prohibited.

Twyla contends that the Guidelines are merely advisory in nature and not binding on district courts. Twyla relies on *In re Marriage of Ensign* (1987), 227 Mont. 357, 361, 739 P.2d 479, 482, in support of this argument. In that case, we held that the child support formula set out in *In re Marriage of Carlson* (1984), 214 Mont. 209, 693 P.2d 496, does not bind district courts, but instead, provides suggestions for the district courts to follow. The Guidelines were established in 1987 and made binding upon courts in 1989 when the Legislature amended § 40-4-204, MCA. Therefore, to the extent *Marriage of Carlson* established a procedure that differs from the current regulatory framework, and to the extent we may have suggested in *Marriage of Ensign* that the Guidelines are suggestive and not binding, those decisions no longer apply.

We conclude that the District Court abused its discretion when it determined child support because it did not consider the Guidelines. Nowhere in its order did the court cite the Guidelines or § 40-4-204, MCA. Nowhere in its order did the District Court state its reasons for not applying the Guidelines, as § 40-4-204, MCA, and *Marriage of Brandon* require. Nowhere in its order did the

6

District Court state why a deviation from the Guidelines served Deanna's best interests. Twyla's assertion that the Guidelines are suggestive and not binding ignores the clear statutory and regulatory requirements of § 40-4-204(3), MCA, and Rule 46.30.1507(3), ARM. Moreover, there is no way for us to actually evaluate the amount of the District Court's child support award and compare it to the dollar amount that the Guidelines require. We conclude, therefore, that the District Court abused its discretion when it awarded child support in this case.

## ISSUE 2

Did the District Court err when it ordered that the tax deduction for the couple's daughter be shared without regard to her place of residence or the financial implications to the parties?

We review a district court's award of a tax exemption to determine whether the court abused its discretion. *In re Marriage of Milesnick* (1988), 235 Mont. 88, 91, 765 P.2d 751, 753.

David contends that he was entitled to the tax exemption in this case because, as an employee of MEA, certain benefits, which include Deanna's health insurance and a reduction in tuition, depend on his right to claim the exemption. He claims that the reduction in tuition alone is worth $1509.25, but that Twyla would realize a tax savings of only $367.50 by having the tax exemption. In other words, David claims that the benefits Deanna would receive if he were awarded the tax exemption far outweigh the benefits Twyla would receive from the current alternating award.

7

Twyla claims that she has no objection to David's receipt of the tax exemption as long as David is employed by, and Deanna remains in school at MEA.

In *In re Marriage of Simms* (1994), 264 Mont. 317, 326, 871 P.2d 899, 904, we held that district courts should enforce parties' in-court stipulations and agreements to the extent possible and consistent with the court's primary duty to apply the appropriate statutory criteria.

Based on the reasoning set forth in that decision, and the parties' apparent agreement regarding the best use of the tax exemption for Deanna, we conclude that the District Court abused its discretion when it alternated the exemption between the parties without regard to how it could best benefit them and their daughter. That District Court tax exemption award is reversed. We order that the exemption can be claimed by David, so long as he is employed by MEA and Deanna attends school at MEA. Should either condition not exist, the exemption should be shared by the couple on an alternating annual basis.

## ISSUE 3

Did the District Court err when it based its division of the couple's property on an oral stipulation?

We review a district court's division of a marital estate to determine whether the court abused its discretion. *In re Marriage of Maedje* (1994), 263 Mont. 262, 265-66, 868 P.2d 580, 583.

David purchased land in Missouri prior to the marriage. During their marriage, he and Twyla built a home on this land. The District Court did not, however, give David credit for the value of this premarital property when the court divided Twyla and David's marital estate.

Twyla contends that the court's disposition of the couple's Missouri home was justified based on an oral stipulation entered into in open court while both parties were represented by counsel. In that stipulation, Twyla's counsel stated:

> Specifically, as to the home in Missouri, Mrs. Schnell will purchase that home for one-half--from Mr. Schnell for one-half the appraised value. The parties will immediately have the property appraised. They will both equally pay one-half of the cost of that appraisal. Then she will, within 30 days of the receipt of the appraisal, pay Mr. Schnell one-half of that value.

David did not object to the stipulation at trial.

We recently affirmed a district court's enforcement of an in-court stipulation. *See In re Marriage of Jakkola* (1994), 267 Mont. 450, 453, 884 P.2d 783, 785. In that case, we held that: "To the extent that the court is able to apply the statutory [§ 40-4-202, MCA] criteria while, at the same time, holding the parties to their on-record stipulations and agreements, it should do so." *Marriage of Jakkola*, 884 P.2d at 785. David contends that pursuant to *In re Marriage of Hayes* (1994), 264 Mont. 350, 871 P.2d 913, the District Court abused its discretion when it enforced the stipulation. In that case, we concluded that district courts may not enforce an in-court stipulation unless the parties reduce it to writing.

9

We need not reach this issue, however. The stipulation was made in open court on June 16, 1992. The District Court filed its original order concerning the stipulation on July 10, 1992. David did not challenge the stipulation at trial, and now challenges the stipulation for the first time on appeal. We have previously held that parties cannot raise issues for the first time on appeal. *Morse v. Cremer* (1982), 200 Mont. 71, 81, 647 P.2d 358, 363-64. Therefore, based on the stipulation, we affirm the District Court's division of Twyla and David's marital estate.

### ISSUE 4

Did the District Court err when it awarded Twyla attorney fees?

We review a district court's award of attorney fees to determine whether the court abused its discretion. *In re Marriage of Barnard* (1994), 264 Mont. 103, 109, 870 P.2d 91, 95 (citing *In re Marriage of Burris* (1993), 258 Mont. 265, 272, 852 P.2d 616, 620).

Pursuant to § 40-4-110, MCA, and based on our decision in *In re Marriage of Rager* (1994), 263 Mont. 361, 868 P.2d 625, David contends that district courts must consider both parties' financial resources prior to awarding attorney fees.

David asserts that because he and Twyla earn approximately the same amount of money, and because Twyla received substantial assets from the property settlement, Twyla has failed to prove that she was unable to pay her attorney fees or that David was in a better position to pay her attorney fees.

10

Twyla responds that David has repeatedly frustrated a timely disposition of this matter and cites the District Court's findings and conclusions, in which the court referred to the several times it held David in contempt during the dissolution proceedings. Twyla also relies on *In re Marriage of Syljuberget* (1988), 234 Mont. 178, 763 P.2d 323, a case in which we affirmed the district court's award of attorney fees to a wife when a majority of her attorney fees were due solely to the husband's lack of cooperation.

The evidence clearly establishes that David has been uncooperative during the dissolution proceedings and willfully frustrated an expeditious resolution of the parties' differences. The financial burden of his behavior should not be borne by his former spouse. Therefore, we conclude that the District Court did not abuse its discretion when it awarded Twyla attorney fees.

Based on the foregoing discussion, we reverse the District Court in part, and affirm the District Court in part, and remand to the District Court for further proceedings consistent with this opinion.

Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

12