No. 96-276

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

IN RE THE MARRIAGE OF

KARREN FAYE KANE,

     Petitioner and Appellant,

  and

ALLAN VICTOR FRIBERG,

     Respondent and Respondent.

FILED

NOV 21 1996

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
              In and for the County of Cascade,
              The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     Mark Q. Schmitt, Attorney at Law, Bozeman, Montana

     For Respondent:

     Jerrold L. Nye; Nye & Meyer, Billings, Montana

Submitted on Briefs:  November 7, 1996

Decided: November 21, 1996

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Karren Faye Kane (Karren) appeals from the findings of fact, conclusions of law and order entered by the Eighth Judicial District Court, Cascade County, dismissing her petition for dissolution on the basis that she failed to establish that she and Allan Victor Friberg (Allan) had a common law marriage. We affirm.

Karren raises the following restated issues:

1. Did the District Court err in allowing Allan to present evidence contravening the existence of a common law marriage?

2. Did the District Court err in holding the trial on Karren's petition for dissolution on November 21, 1995?

3. Did the District Court err in deciding the substantive issues in Karren's petition for dissolution after a hearing scheduled on her motion to compel discovery?

Karren filed a petition for dissolution of her common law marriage to Allan on April 1, 1994. She alleged that the common law marriage began in May of 1989, that it was irretrievably broken, that there were no children of the marriage and that the parties had accumulated property and debts. She sought dissolution

2

of the common law marriage, equitable division of the real and personal property, Allan's liability for the marital debts, maintenance in the amount of $2,500 and attorney fees and costs in bringing the petition.

Allan responded to Karren's petition by admitting the existence of the common law marriage and the accumulation of real and personal property. He denied the accumulation of debts and his responsibility for same and also denied Karren's entitlement to maintenance, attorney fees and costs.

Later in April of 1994, Karren and Allan entered into a stipulation pursuant to which, among other things, Allan agreed to make house and utility payments and to pay Karren $200 per month maintenance. The District Court entered an order adopting the parties' stipulation on April 20, 1994.

Both Karren and Allan changed counsel thereafter and filed numerous motions. One of Allan's motions, filed March 23, 1995, was for leave to amend his answer to deny the existence of a common law marriage; he asserted that his former counsel had improperly advised him on that matter. After a three and one-half month delay, Karren objected to the proposed amendment on the grounds that too much time had passed and the amendment would prejudice her. Among Karren's motions were a motion to compel production of documents and to answer interrogatories and a motion to compel payment by Allan of the amounts contained in the April 20, 1994, stipulated order. The District Court did not rule on the motions.

On August 10, 1995, the District Court set a November 21,

3

1995, trial date for Karren's petition for dissolution. On September 26, 1995, the court scheduled an October 24, 1995, hearing on Karren's motion to compel. The latter scheduling order did not specify whether it related to her motion to compel discovery or her motion to compel payment. On Allan's motion and with Karren's consent, the District Court later rescheduled the hearing on Karren's motion--specifying her motion to compel payment--for November 21, 1995, the same day as the trial on her petition for dissolution.

At trial, Karren submitted evidence in support of the existence of a common law marriage between herself and Allan. Allan submitted evidence that no such common law marriage existed. At the end of the trial, the District Court requested--and the parties later filed--briefs on the common law marriage issue.

The District Court subsequently entered findings of fact, conclusions of law and an order. The findings, which are not challenged by Karren, summarized the evidence received at the trial. The conclusions, also not challenged by Karren, addressed the legal principles relating to common law marriages in Montana. In pertinent part, the District Court concluded that Karren failed to establish that she and Allan ever mutually agreed to be married and, on that basis, further concluded that the parties had not entered into a common law marriage. Absent the existence of a marriage, the court dismissed Karren's petition for dissolution.

Karren appeals. As noted above, however, she does not challenge the findings or conclusions made by the District Court.

4

As a result, we do not review those findings and conclusions.

> 1. Did the District Court err in allowing Allan to present evidence contravening the existence of a common law marriage?

Karren contends that the issue of whether the common law marriage existed was not properly before the District Court. The primary thrust of her argument is that she was "little prepared" to try the issue because of Allan's original admission that the common law marriage existed and, therefore, that she was prejudiced by the court's decision to try the issue. On the basis of the record before us, her argument is without merit.

By the time of the trial on Karren's petition for dissolution, Allan's motion for leave to amend his answer to deny the existence of the common law marriage had been before the District Court for nearly eight months and Karren had responded to that motion. In addition, Allan filed a trial brief nearly six weeks before the trial date raising the existence of the common law marriage as the first issue to be considered by the court. Allan also supplied Karren, prior to trial, with the names of the witnesses he intended to call on that issue. On such a record, Karren's claims of surprise and resulting lack of ability to try the issue are not convincing. Nor does the record reflect any effort by Karren to obtain a continuance of the trial on this basis.

Furthermore, the trial transcript is clear that Karren acquiesced in the trial of the issue. At the outset of the trial, Allan's counsel summarized the issues before the court, stating the first such issue as "whether or not there is in fact a common law

5

marriage." After Allan's counsel listed the remaining issues, the District Court inquired of Karren's counsel whether he agreed about the issues. Counsel did not object to trying the question of whether the common law marriage existed; indeed, he implicitly agreed that the issue was before the court by stating "I would raise one further point, Your Honor." Nor did Karren's counsel object at any later point in the proceedings that the issue was not properly before the court. Rather, counsel again agreed--this time explicitly--at a later point, stating "[i]f we get past the issue of common law marriage today, Your Honor, I believe we should take up the stipulation as to payments that were [sic] issued in April."

Karren did not object to the District Court's decision to try the question of whether a common law marriage existed. She did not object to admission of testimony on the issue. Nor did she preserve the issue for appeal in any other manner.

While she correctly contends that her direct examination of Allan during her case in chief raised the issue of his earlier admission that the common law marriage existed, Karren apparently misconstrues the difference between objecting to an issue being properly before the court and presenting evidence in support of her position regarding the appropriate resolution of the issue. Her direct examination of Allan regarding his previous admission constituted an additional acquiescence in--rather than an objection to--the District Court's trial of the issue of whether the common law marriage existed.

Under clearly established Montana law, a party cannot raise

6

issues for the first time on appeal. In re Marriage of Schnell (1995), 273 Mont. 466, 472, 905 P.2d 144, 148 (citation omitted). Thus, we decline to address whether the District Court erred in allowing Allan to present evidence contravening the existence of a common law marriage.

2. Did the District Court err in holding the trial on Karren's petition for dissolution on November 21, 1995?

Karren's counsel contends that he was advised on the day before the scheduled trial that the "hearing" set for November 21 was continued to a later date, that he released his witnesses on that basis and, as a result, that he was "less than fully prepared to take part." Karren argues that, pursuant to Rule 60(b), M.R.Civ.P., she should be relieved of the District Court's decision on her petition because of inadvertence or surprise. This argument, too, is without merit.

At the outset, we note that it is difficult to ascertain whether Karren's arguments in this regard relate to a purported cancellation of the hearing on her motion to compel or of the trial on her petition, or both. The record does not contain any order or minute entry continuing either matter, and counsel's assertions are not based on any other record-based information. The record reflects that both the trial on Karren's petition and the hearing on her motion to compel payment were scheduled for November 21, 1995.

Karren did move for a continuance of the trial on November 20, the day before the trial was scheduled to take place. The basis

7

for her motion was that she had not received from Allan requested information regarding valuation of marital assets. Her motion for a continuance specifically requested that the hearing on her motion to compel payment take place the following day as scheduled. Allan filed a response, objecting to an eve-of-trial continuance. As noted above, the record does not reflect any action by the District Court in response to Karren's motion.

Notwithstanding any confusion about a purportedly continued hearing or trial, however, Karren did not object or otherwise preserve this issue for appeal. While the District Court granted a recess at the outset of the trial on November 21, 1995, to permit Karren's counsel's paralegal to arrive, with counsel's file, Karren neither moved for a continuance because of confusion over the scheduling nor objected to proceeding on the basis that witnesses were not available for the matters at issue in her petition for dissolution. Nor did she move for a new trial or other postjudgment relief in the District Court. In this latter regard, Karren's reliance here on Rule 60(b), M.R.Civ.P., is also unavailing because she did not present those arguments to the District Court. We decline to address this issue raised for the first time on appeal. See Marriage of Schnell, 905 P.2d at 148.

3.     Did the District Court err in deciding the substantive issues in Karren's petition for dissolution after a hearing scheduled on her motion to compel discovery?

Karren contends that the November 21, 1995, proceeding was scheduled as a hearing on her motion to compel discovery and that she was unprepared to address the substantive issues relating to

8

her petition for dissolution. Her arguments on this issue are unclear and confused, at best. After a close scrutiny of the record, however, we cannot ascertain any set of circumstances under which her argument in this regard would have merit.

First, as discussed above, both the trial on Karren's petition for dissolution and the hearing on her motion to compel payment pursuant to the stipulated order--not her motion to compel discovery--were scheduled for November 21, 1995. Karren points to nothing of record in support of her fundamental assertion here that her motion to compel discovery was to be heard on November 21, 1995. In this regard, the trial transcript contains several references by Karren's counsel to the fact that her motion to compel payment was before the court. Counsel is cautioned that this Court does not look with favor on either misrepresentations of the record or a "make it up as you go along" approach to appellate advocacy.

Moreover, as discussed at sufficient length above, Karren did not object to proceeding with the trial on her petition for dissolution and did not otherwise preserve this issue for appeal. We decline to address this issue raised for the first time on appeal. See Marriage of Schnell, 905 P.2d at 148.

Affirmed.

_____
Justice

9

We concur:

_____
Chief Justice

_____

_____

_____
Justices

November 21, 1996

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

MARK Q. SCHMITT
Attorney at Law
40 E. Main, #5
Bozeman, MT 59715

Jerrold L. Nye
Nye & Meyer
3317 Third Avenue North
Billings, MT 59101

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy