JUSTICE LEAPHART
delivered the Opinion of the Court.
¶1 Richard L. Jackson and Paula Jackson (Jacksons) appeal from the decision of the Eleventh Judicial District Court, Flathead County, determining that Stageline Estates Homeowners’ Association, Inc.’s (Association’s) assessments against the Jacksons was in accordance with the Association’s Bylaws, Articles of Incorporation, and not beyond the scope of the Declaration of Covenants. The District Court entered judgment in favor of the Association in the amount of $3,286 representing delinquent assessments plus interest and attorney fees and costs. We affirm in part and remand for further consideration.
Factual and Procedural Background
¶2 Restrictive covenants concerning Stageline Estates subdivision in Flathead County were filed on April 21,1988 by way of a document entitled “Declaration of Covenants, Conditions and Restrictions” (Declaration). The Declaration established a Property Owners’ Association (POA). Pursuant to the Declaration, each owner of a lot subj ect to the covenants automatically became a member of the POA. The Declaration states that the purpose of the POA “shall be to maintain and provide for snow removal on the private road and any other private road utilized by the members to their lots, and to provide the architectural control for the subdivision.” In addition, the Declaration provided a means for the POA to annually assess the members for the maintenance of the roads, including snow removal. Finally, the Declaration provided that its provisions could be amended by an affirmative vote of 75% of its members.
¶3 On April 29,1991, the Association filed Articles of Incorporation with the Secretary of State as a nonprofit corporation. This document *407 allegedly incorporated the original POA created by the Declaration. In addition, the Association enacted Bylaws on November 15, 1991. According to the Articles of Incorporation, the Association’s purpose is “[t]o promote the health, safety and welfare of the residents ... and to provide for the maintenance, preservation and architectural control of the residence lots and common areas ....” In addition, the Bylaws provide the Association with authority to assess the members for “the purpose of promoting the recreation, health, safety and welfare of the residents of the Properties, and in particular for the improvement or maintenance of the Properties, and for the facilities devoted to the use and enjoyment of the Common Area.” These assessments may be imposed annually or pursuant to a “special assessment.”
¶4 The Jacksons purchased their property within the subdivision on November 25, 1991. The Jacksons acknowledge that they purchased their property subject to covenants contained in the Declaration, but allege that the Articles of Incorporation and Bylaws were not recorded at the time they purchased their property and thus the terms of those documents are not binding on them.
¶5 The Jacksons paid annual assessments for the years 1992-94. The Jacksons stopped paying the assessments in 1995 and have not paid since. As a result, the Association filed a complaint in Justice Court on August 9, 1996 seeking to recover the unpaid assessments plus interest, attorney fees and costs. The Justice Court entered judgment in favor of the Association in the amount of $1,634. The Jacksons appealed to the District Court. The Association filed a second complaint in District Court. The Jacksons filed an answer and counterclaim asserting that they did not purchase their property subject to the Articles of Incorporation and Bylaws of the Association. The parties agreed to consolidate the Jacksons’ appeal from Justice Court with the new complaint instituted by the Association. The District Court entered judgment in favor of the Association in the amount of $3,286 concluding that the Association’s imposition of assessments was in accordance with its Articles of Incorporation and Bylaws, and not beyond the scope of the Declaration. The Jacksons appeal to this Court seeking a reversal of the District Court judgment and a declaration that they are not bound by the terms of the Articles of Incorporation and Bylaws. We affirm in part and remand for further consideration.
*408 Discussion
¶6 The standard of review of a district court’s finding of fact is whether the court’s findings of fact are clearly erroneous. Daines v. Knight (1995), 269 Mont. 320, 324, 888 P.2d 904, 906. The standard of review of a district court’s conclusions of law is whether the court’s interpretation of the law is correct. Carbon County v. Union Reserve Coal Co., Inc. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686. We limit the scope of this opinion to the issue of whether the Jacksons are responsible for past-due assessments for the years 1995-97. The Jacksons assert that they are not paying assessments because their property is subject only to the assessments authorized in the Declaration. The Declaration limits assessments to those collected for road maintenance and snow removal. The District Court found that the assessments collected by the Association for the years in question “seem to be used exclusively for road-related purposes” and are in concert with the overall intent of the Declaration. The court, therefore, concluded that the Association’s imposition of the assessments against the Jacksons was in accordance with its Articles of Incorporation and Bylaws and not beyond the scope of the Declaration and held that the Jacksons are liable for the unpaid fees.
¶7 The Jacksons do not seek to avoid their obligation to pay the costs of road maintenance and snow removal. However, the Jacksons contend that the authority given the Association in the Articles of Incorporation and Bylaws exceeds that contemplated by the Declaration and, thus, the Jacksons seek to preserve their right to object to the terms of the Articles of Incorporation and Bylaws in the event the Association seeks to enforce assessments other than those related to road maintenance. The District Court’s finding that the assessments collected to date by the Association were for the sole purpose of maintaining the road is not clearly erroneous. Additionally, the District Court’s conclusion that the assessments for road maintenance do not exceed the scope of the Declaration is correct. Therefore, since the road maintenance assessments are consistent with Article IV, sec. 5 of the Declaration, we hold that the Jacksons are responsible for the past-due assessments plus interest.
¶8 The Jacksons seek a declaration that their property is not bound by the terms of the Articles of Incorporation and Bylaws. The District Court did not rule on the merits of the Jacksons’ assertion that the Association has exceeded its authority in expanding the terms of the Declaration via the Articles of Incorporation and Bylaws. We remand *409 to the District Court the issue of whether the Articles of Incorporation and Bylaws are binding on the Jacksons. Affirmed in part and remanded.
CHIEF JUSTICE TURNAGE, JUSTICES NELSON, REGNIER and GRAY concur.