No. 98-502

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 332N

STAGELINE ESTATES HOMEOWNERS

ASSOCIATION, INC.,

Plaintiff and Respondent,

v.

RICHARD L. JACKSON and PAULA JACKSON,

Defendants and Appellants.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Ted Lympus, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Richard Jackson; Richard Jackson & Associates,

Whitefish, Montana

For Respondent:

Stephen C Berg; Warden, Christiansen, Johnson & Berg,

Kalispell, Montana

Submitted on Briefs: December 17, 1998

Decided: December 30, 1998

No

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. The factual background giving rise to this litigation is set forth in Stageline Estates v. Jackson, 1998 MT 98, 288 Mont. 405, 958 P.2d 52, and will not be reiterated herein. The Eleventh Judicial District Court, Flathead County, determined that assessments by Stageline Estates Homeowners Association (the Association) against Richard and Paula Jackson (the Jacksons) were in accordance with the Association's Bylaws and Articles of Incorporation, and did not exceed the scope of the Declaration of Covenants. The District Court entered judgment in favor of the Association in the amount of $3,286, representing the delinquent assessments plus interest and attorney fees and costs. The Jacksons appealed that decision to this Court. In a decision dated April 30, 1998, we affirmed the District Court's finding that the assessments collected by the Association were for the sole purpose of maintaining the road and the District Court's conclusion that the assessments for road maintenance did not exceed the scope of the Declaration. *Stageline Estates*, ¶ 7. Thus, we held that the Jacksons were responsible for the past-due assessments plus interest. We then remanded the matter to the District Court for a determination of whether the Articles of Incorporation and Bylaws were binding on the Jacksons.**

*Stageline Estates*, ¶ 8.

**¶3. On remand, the Association moved the District Court to amend its judgment by awarding additional attorney fees and costs and authorizing the Association to levy execution upon the amended judgment. The motion sought the award of attorney fees incurred in the appeal in addition to those already awarded by the court. The motion was noticed for hearing and, on July 7, 1998, hearing was held before the Honorable Ted Lympus. The Jacksons did not appear at the hearing, either personally or through counsel. At the conclusion of the hearing, the District Court signed the proposed Amended Judgment submitted by the Association. A cash deposit, in lieu of supersedeas bond, in the amount of the District Court's September 16, 1997 judgment had been made in the District Court by the Jacksons. That cash bond was released by the Clerk of the District Court on July 15, 1998, and a partial satisfaction of judgment was filed by the Association on July 17, 1998.**

**¶4. The Jacksons raise the following issues on appeal:**

[1.] Can the trial court properly enter a Judgment without trial as has been done here, without complying with the earlier mandate of this [C]ourt as contained in its [Opinion] of April 30, 1998?

[2.] Can the trial court allow the amendment and supplementation of the amount of attorney's fees claimed to have been incurred by [the Association] before the first and previous appeal in this case?

[3.] Was it proper for the trial court to release to [the Association] the Cash Deposit in Lieu of Supersedeas Bond previously filed by [the Jacksons] before a final judgment disposing of all issues and all parties, including specifically the request for Declaratory Judgment contained in the Counterclaim of [the Jacksons], and the expiration of all appeals arising from that final judgment?

**¶5. We determine that the Jacksons have not preserved any of the above three issues for appeal. The Association properly filed its motion and noticed it for hearing. The**

Jacksons could have objected to the motion either in writing or by appearing at the hearing. They did neither. Under Rule 2(b), Uniform District Court Rules, a failure to file an answer brief within ten days is an admission that the motion is well taken. The motion being unanswered, it was within the discretion of the District Court to grant or deny it as it saw fit. Maberry v. Gueths (1989), 238 Mont. 304, 309, 777 P.2d 1285, 1289. Having failed to object to the motion in the court below, the Jacksons are foreclosed on appeal from challenging the District Court's granting of the motion. We will only review questions raised in the trial court; a party may not raise an issue for the first time on appeal. Morse v. Creme (1982), 200 Mont. 71, 81, 647 P.2d 358, 364; In re Marriage of Schnell (1995), 273 Mont. 466, 472, 905 P.2d 144, 148.

¶6. Therefore, we affirm the judgment of the District Court. In doing so, however, we note that the District Court has not yet ruled on the question of whether the Jacksons' property is bound by the terms of the Articles of Incorporation and Bylaws. Accordingly, we express no judgment on that issue.

¶7. Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ WILLIAM E. HUNT, SR.